Delmer L. JOHNSON,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Loryn G. Light,
*Respondents.*

(92-S-522; CA A74323)

861 P2d 1032

Timothy M. Dozois argued the cause for petitioner With him on the briefs was Davis Wright Tremaine.

Jas. Adams, Assistant Attorney General, argued the cause for respondent Employment Division. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent Loryn G. Light.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Employer seeks review of an order of the Employment Division (Division) denying his request for relief from charges resulting from the unemployment claim of Loryn Light. We affirm.

Light voluntarily terminated her employment in July, 1991, and sought unemployment benefits, asserting that she had left work because of sexual harassment by a fellow office worker. Light claimed that she had told employer of the harassment and had been promised that her office would be moved. She claimed that employer did not follow through on his promises.

Pursuant to ORS 657.265, employer was mailed a notice of claim form (Form 220), on which he could have challenged Light's receipt of unemployment benefits. He did not timely return the form. Division investigated Light's claim for benefits. One of its investigators telephoned her and employer and considered two letters that employer had written. The investigator determined that Light had voluntarily quit with good cause and without a reasonable alternative.

At about the same time that employer received Form 220, he received Form 197. That form, mailed pursuant to ORS 657.471, allowed employer to request relief from charges resulting from the unemployment benefits paid to Light. Employer returned Form 197. His request for relief was denied, he appealed, and the referee upheld the denial.

ORS 657.265 sets out the procedure for an initial determination of a claim. ORS 657.471 provides the manner in which benefits are charged to an employer. Employer argues that, irrespective of whether he returned Form 220, under ORS 657.471, he is entitled to: (1) the right to request relief from charges for benefits paid to Light; (2) the right to an investigation to determine whether Light quit for reasons attributable to employer; and (3) the right to a hearing if the investigation results in a denial of his request for relief. Division argues that, if an employer does not contest an employee's qualification for benefits pursuant to ORS 657.265, the employer is not entitled to a second opportunity under ORS 657.471 to determine whether the reason for leaving was attributable to the employer.

The issue involves the interplay between ORS 657.265 and ORS 657.471. The relevant provisions are set out in the appendix. In denying employer relief from charges, the referee held:

> "The Division has consistently interpreted ORS 657.471(7) in conjunction with ORS 657.265(1) and (4). The Division has consistently interpreted ORS 657.265(1) and (4) as prerequisite to determinations under ORS 657.471(7), in cases where the employer requesting relief is the last employer."

Division's interpretation is correct.

Under ORS 657.265, before unemployment benefits are paid, two determinations must be made. The first is whether the claimant has earned enough wages to qualify for benefits. That determination may involve more than the most recent employer. Under ORS 657.265(1), when a claim for unemployment benefits is filed, notice must be promptly sent to

> "the claimant's last employing unit and, if necessary, the immediately preceding employing units sufficient to establish service for which remuneration is received equal to or in excess of four times the individual's weekly benefit amount[.]"

The claim will not qualify unless "the total amount of wages paid to the claimant during the base year is sufficient * * *." ORS 657.265(2). The "base year" is "the first four of the last five completed calendar quarters preceding the benefit year." ORS 657.010(1). In short, the base year and qualifying wages may depend on more than one employer.

Notice of qualifying wages must be sent to "all employers that have paid wages to the claimant during the base year * * * [and] shall include notice of the potential charges to the employer's account pursuant to ORS 657.471." ORS 657.265(2). An employer who disputes the initial determination must file a request for hearing within 20 days. ORS 657.265(3).

The second determination that must be made under ORS 657.265, before benefits are paid, is whether the claim should be allowed or denied. That decision is governed by ORS 657.265(4), which requires that the decision be based on "the facts available" and allows the employer to furnish

information on forms provided by Division. Subsection (4) further provides that, if the claim is denied, notice must be given to the employer that "is most directly involved with the facts and circumstances relating to the reasons for the disqualification" and that notice of any decision must be sent to an employer if the decision was based "wholly or partially" on information the employer provided. ORS 657.265(6) requires an employer who was entitled to notice and who disagrees with the decision to request a hearing within 20 days of the decision.

Under ORS 657.471(1), benefits are charged proportionally "to each of the [claimant's] employers during the base year[.]" There are exceptions to those charges. The premise underlying the exceptions is that there has been a decision made under ORS 657.265. One exception applies to the claimant's last employer:

> "Benefits paid without any disqualification to an individual who has left work of an employer voluntarily for good cause not attributable to the employer shall not be charged to that employer for the immediate period of unemployment." ORS 657.471(5).

Here, the immediate period of unemployment for which Light claimed benefits was with employer. Subsection (5) would, therefore, apply to employer, if Light's voluntary separation from work was *not* attributable to employer. However, the decision under ORS 657.265 was that Light's separation from work *was* attributable to employer, and, therefore, employer is precluded from requesting relief from charges under subsection (5).

Employer seeks to place himself within the exception contained in ORS 657.471(7), which provides, in part:

> "If a base-year employer, not otherwise eligible for relief of charges for benefits under this section, receives notification of an initial valid determination of a claim filed by an individual who:
>
> "(a)   Left work of such employer voluntarily and not attributable to the employer, such employer may request relief of charges * * *."

Employer's position is that he is a base-year employer who Division determined was not eligible for relief

of charges under any other subsection of ORS 657.471 and, therefore, he comes within ORS 657.471(7). However, that reading ignores the requirement under subsection (a) that the claimant left work of "such employer voluntarily and not attributable to" it. The decision had been made that Light's separation was for reasons that *were* attributable to employer. Therefore, employer does not come within the exception provided by subsection (7).

Division is correct in reading subsection (7) as addressed to other than the last employer. The situation contemplated by subsection (7) is one in which the base year for a claimant involves more than one employer: A claimant has left employment at some time during the base year and then leaves a later employment and files for unemployment benefits. The earlier employer, who would be charged proportionally for benefits as a base-year employer, wishes to show that the claimant's separation from work at that earlier employment was not attributable to it. Subsection (7) provides a procedure for it to do so.

Employer's argument that ORS 657.471 gives him a right independent of ORS 657.265 to a separate hearing does not comport with ORS 657.471(7) and the requirement that statutes concerned with the same subject should be construed harmoniously and consistently with each other. *Davis v. Wasco IED*, 286 Or 261, 272, 593 P2d 1152 (1979). ORS 657.471(7) fills a gap in ORS 657.265. A decision under ORS 657.265 to allow or deny a claim is based on the latest employment. An earlier employer during the base year probably has no information related to that claim and, thus, has no reason to provide information or to challenge the decision. However, the earlier employer might well be able to demonstrate that, even if the claim is allowed, it should not be charged, because the claimant chose to leave its employment and the leaving was not attributable to it. Division did not err in denying employer relief from the charges.

Employer also argues that Division's investigation of Light's claim was not adequate. However, it is too late for employer to challenge the investigation under ORS 657.265, as noted above, and ORS 657.471(7) is inapplicable here.

Affirmed.

# APPENDIX

ORS 657.265 provides:

"(1) When either of the following is filed, an authorized representative designated by the assistant director shall promptly notify the claimant's last employing unit and, if necessary, the immediately preceding employing units sufficient to establish service for which remuneration is received equal to or in excess of four times the individual's weekly benefit amount:

"(a) A new claim establishing a benefit year.

"(b) An additional claim reactivating an existing claim following a period of employment.

"(2) An authorized representative shall promptly examine each new claim for benefits and, on the basis of information available, shall determine the total amount of wages paid to the claimant during the base year and whether or not such amount is sufficient to qualify the claimant for benefits and, if so, the weekly benefit amount payable to the claimant, the maximum amount payable with respect to such benefit year and the maximum duration thereof. Notice of an initial or amended determination under this subsection shall promptly be given to the claimant and to all employers that have paid wages to the claimant during the base year. Notice to an employer shall include notice of the potential charges to the employer's account pursuant to ORS 657.471. The initial determination under this subsection shall be applicable to all weeks of the benefit year respecting which the claim was filed; however, such determination may be amended with respect to any week or weeks of the benefit year.

"(3) Unless the claimant or one of the employers entitled to notice under subsection (2) of this section, within 20 days after delivery of such initial or amended determination, or, if mailed, within 20 days after the same was mailed to the party's last-known address, files with the assistant director a request for hearing upon the initial or amended determination, it shall become final and benefits shall be paid or denied in accordance therewith, unless otherwise provided by law. An initial or amended determination may be canceled by the claimant at any time even though final, providing no disqualification has been assessed, no appeal has been requested by the claimant nor benefits paid on such claim.

"(4)   In addition to and separate from the determination under subsection (2) of this section, an authorized representative shall promptly examine each claim for waiting week credit or for benefits and, on the basis of the facts available, make a decision to allow or deny such claim. Information furnished by the claimant, the employer or the employer's agents on forms provided by the Employment Division pursuant to an authorized representative's investigation under this subsection shall be accompanied by a signed statement that such information is true and accurate to the best of the individual's knowledge. Notice of such decision need not be given to the claimant if the claim is allowed; but if the claim is denied, written notice stating the reasons therefor shall be given to the claimant. If the claim is denied under any provision of ORS 657.176, notice to the claimant shall also set forth the specific material facts obtained from the employer and used by the authorized representative to support the reasons of the denial. If the claim is denied under any provision of ORS 657.176, written notice of such decision shall be given to the employing unit who, in the opinion of the assistant director, is most directly involved with the facts and circumstances relating to the reasons for the disqualification. Notice of a decision that was wholly or partially based on information filed with the assistant director in writing within 10 days subsequent to notice to employing units as provided in subsection (1) of this section shall be given to any employing unit that has so filed such information. If a decision to allow payment made pursuant to this subsection does not require notice, that decision may be amended by an authorized representative. The amendment shall be made by written notice which provides for a right of appeal pursuant to subsection (6) of this section. Such amendment must be issued within one year of the original decision to allow payment, except in cases of alleged willful misrepresentation or fraud. If a decision made pursuant to this subsection does require notice, that decision may be amended unless it has become a final decision under subsection (6) of this section.

"(5)   When any employer entitled to notice under subsection (2) of this section files information in writing with the assistant director within 10 days of its knowledge of an occurrence raising any new question not previously decided, an authorized representative shall promptly reexamine the subject claim for waiting week credit, or for benefits. On the basis of the facts available, the authorized representative shall promptly make a decision and give written notice

therefor, to both the claimant and to any base year employer that has so filed such information.

"(6) Unless the claimant or one of the employing units entitled to notice under subsection (4) or (5) of this section within 20 days after delivery of such notice or, if mailed, within 20 days after the same was mailed to the party's last-known address, files with the assistant director a request for hearing upon the decision, it shall be final and benefits shall be paid or denied in accordance therewith, unless otherwise provided by law. If the decision is to allow benefits, the assistant director shall pay such benefits regardless of any pending hearing on the claim."

ORS 657.471 provides, in part:

"(1) Subject to the provisions of subsections (2) to (7) and (10) of this section, benefits paid to an eligible individual shall be charged to each of the individual's employers during the base year in the same proportion that the wages paid by each employer to the individual during the base year bear to the wages paid by all employers to that individual during that year.

"* * * * *

"(5) Benefits paid without any disqualification to an individual who has left work of an employer voluntarily for good cause not attributable to the employer shall not be charged to that employer for the immediate period of unemployment.

"* * * * *

"(7) If a base year employer, not otherwise eligible for relief of charges for benefits under this section, receives notification of an initial valid determination of a claim filed by an individual who:

"(a) Left work of such employer voluntarily and not attributable to the employer, such employer may request relief of charges within 20 days after the mailing of such notice thereof to the employer's last address as shown by the records of the assistant director. The request must advise the assistant director in writing the date of such leaving and that such leaving was voluntary and not attributable to the employer and the reason therefor. Upon receipt of such notice from the employer the assistant director shall investigate the separation and if the resulting determination, which shall be made by the assistant director, establishes that the leaving was voluntary and not attributable to the employer,

that employer's account shall not be charged with benefits during that individual's benefit year. If the individual was reemployed by such employer prior to the filing of the initial valid claim, the employer shall not receive relief of the employer's account under this subsection; or

"(b) Was disqualified for the individual's most recent separation from such employer by an assistant director's decision which found the individual has been discharged for misconduct connected with the work, that employer may request relief of charges within 20 days after the mailing of such notice thereof to the employer's last address as shown by the records of the assistant director. Upon receipt of such request from the employer, the assistant director shall examine division records and if the requirements of this subsection have been met shall grant the relief of charges to that employer for benefits paid to the individual during the benefit year.

"(8) The determination of the assistant director under paragraph (a) of subsection (7) of this section shall be final in all cases unless the application for hearing is filed within 20 days after delivery of such decision, or, if mailed, within 20 days after the same was mailed to the employer's last-known address. When a request for hearing has been timely filed, the assistant director shall designate a referee to conduct a hearing. After the referee has afforded all parties an opportunity for a fair hearing, the referee shall affirm or reverse the decision and promptly notify all parties entitled to notice of the decision and the reasons therefor. Decisions of the referee under this subsection become final and may be judicially reviewed as provided in ORS 657.684 to the extent applicable."